UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAELE LENEA MCGEE,

Plaintiff,

v.

MERCEDES-BENZ USA LLC,

Defendant.

Case No. 25-cv-09671-JCS

**ORDER GRANTING MOTION TO COMPEL ARBITRATION AND STAYING CASE**

Re: Dkt. No. 9

## I.  INTRODUCTION

Plaintiff Michaele McGee filed this action on October 1, 2025, in the Superior Court of California, County of Contra Costa, against defendant Mercedes-Benz, USA LLC ("MBUSA"). McGee asserts two claims under the Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), for breach of express and implied warranties, in connection with McGee's lease of a 2024 Mercedes-Benz EQS450 ("Vehicle"). MBUSA removed the case to federal court on November 10, 2025 and now brings a Motion to Compel Binding Arbitration ("Motion").  The Court finds the Motion is suitable for determination without oral argument and therefore vacates the motion hearing set for March 18, 2026 pursuant to Civil Local Rule 7-1(b).  The Case Management Conference set for the same date is continued to September 16, 2026 at 2:00 p.m. by Zoom webinar.  For the reasons stated below, the Motion is GRANTED and McGee's claims are stayed pending arbitration.[1]

---

[1] The parties have consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

United States District Court
Northern District of California

## II.    BACKGROUND

On May 27, 2024, McGee leased the Vehicle, signing a Motor Vehicle Lease Agreement ("Lease") with Lessor (Dealer), Mercedes-Benz of Walnut Creek. See Declaration of Ali Ameripour, dkt. no. 9-1 ("Ameripour Decl."), Ex. 2 (Lease). The Lease defined the "Parties" as follows: "you," "your," and "yours," referred to McGee; "we," "us," and "our," referred to Mercedes-Benz of Walnut Creek, and after "the lease [was] assigned," to Mercedes-Benz Vehicle Trust, or its successors and assigns; and "Assignee" referred to Mercedes-Benz Vehicle Trust, or its successors and assigns. *Id.* at p. 1.

The Lease also contained an arbitration provision under the heading, "Important Arbitration Disclosures," which stated, in relevant part, as follows:

> Any claim or dispute, whether in contract, tort or otherwise (including any dispute over the interpretation, scope, or validity of this lease, arbitration section or the arbitrability of any issue), between you and us or any of our employees, agents, successors, assigns, or the vehicle distributor, including MercedesBenz USA LLC (each a "Third Party Beneficiary"), which arises out of or relates to a credit application, this lease, or any resulting transaction or relationship arising out of this lease (including any such relationship with third parties who do not sign this contract) shall, at the election of either you, us, or a Third Party Beneficiary, be resolved by a neutral, binding arbitration and not by a court action.

*Id.* at p. 4.

On December 12, 2025, MBUSA brought the instant motion seeking to compel arbitration of McGee's claims under the arbitration provision in the Lease.  McGee opposes arbitration, arguing that MBUSA is not an intended third-party beneficiary of the Lease's arbitration provision and may not rely on equitable estoppel to force McGee to arbitrate because her claims are not intimately intertwined with the Lease.  *See generally* Opposition, dkt. no. 12.

## III.    ANALYSIS

### A.    Legal Standard

"[T]he Federal Arbitration Act (FAA) makes agreements to arbitrate 'valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 336 (2011) (quoting 9 U.S.C. § 2). "By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but

instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985); see also *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Ferguson v. Corinthian Colls., Inc.*, 733 F.3d 928, 938 (9th Cir. 2013) (citation omitted).

To decide whether an arbitration provision should be enforced in a particular case, the Court must consider whether: (1) there is an agreement to arbitrate between the parties; and (2) the agreement covers the dispute. *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015). Generally, the right to compel arbitration "may not be invoked by one who is not a party to the agreement and does not otherwise possess the right to compel arbitration." *Britton v. Co-op Banking Grp.*, 4 F.3d 742, 744 (9th Cir. 1993). However, a litigant who is not a party to the arbitration agreement may invoke arbitration if the relevant state contract law allows the litigant to enforce the agreement. *Herrera v. Cathay Pac. Airways Ltd.*, 104 F.4th 702, 707 (9th Cir. 2024) (as amended). In California, a non-signatory may be entitled to enforce an arbitration agreement: (1) if the non-signatory is an intended third party; or (2) under the doctrine of equitable estoppel. *See id.; Murphy v. DirecTV, Inc.*, 724 F.3d 1218, 1233-34 (9th Cir. 2013). Because the Court finds that MBUSA is an intended third-party beneficiary of the Lease, it does not address whether MBUSA would be entitled to compel arbitration under the doctrine of equitable estoppel.

**B.     Discussion**

"Under California law, a non-signatory is a third-party beneficiary only to a contract 'made expressly for [its] benefit.' " *Ngo v. BMW of N. Am., LLC*, 23 F.4th 942, 946 (9th Cir. 2022) (quoting Cal. Civ. Code § 1559). To meet that requirement, a party seeking to invoke an arbitration provision in a contract to which it is not a signatory must establish that "'express provisions of the contract,' considered in light of the 'relevant circumstances,' show that (1) 'the third party would in fact benefit from the contract;' (2) 'a motivating purpose of the contracting parties was to provide a benefit to the third party;' and (3) permitting the third party to enforce the contract 'is consistent with the objectives of the contract and the reasonable expectations of the

3

United States District Court
Northern District of California

contracting parties.' " *Id.* (quoting *Goonewardene v. ADP, LLC*, 6 Cal. 5th 817, 830 (2019)).

Applying this test, numerous district courts in the Ninth Circuit have found that MBUSA is an intended third-party beneficiary of lease agreements containing an arbitration provision that is identical to the one in this case and have therefore granted motions to compel arbitration of Song-Beverly Act claims. *See e.g., Khachatryan v. Mercedes-Benz USA LLC*, No. 25-cv-02749 DMR (N.D. Cal. September 8, 2025), Dkt. No. 26 (Order granting MBUSA's Motion to Compel Arbitration based on identical arbitration provision on the ground that MBUSA was an intended third-party beneficiary in case brought under the Song-Beverly Act); *Durkin, Carleen v. Mercedes-Benz USA LLC*, 3:25-cv-03064-WHO (N.D. Cal. July 15, 2025), Dkt. No. 23 (same); *Attalah, et al. v. Mercedes-Benz USA, LLC, et al.,* No. 24-cv-01245-JDE (C.D. Cal. August 15, 2024) (same); *Smalheiser, et al. v. Mercedes-Benz USA LLC,* No. 3:24-cv-00219-JD (N.D. Cal. May 24, 2024), Dkt. No. 26 (same). The undersigned reaches the same conclusion.

There is no doubt that MBUSA satisfies the first factor listed above, namely, that it will actually benefit from the contract because the Lease expressly states that MBUSA is a "Third Party Beneficiary" to the Lease and may compel arbitration. Likewise, by expressly naming MBUSA in the arbitration provision, the parties to the Lease showed that they *intended* to provide a benefit to MBUSA and therefore, the second requirement is also met. Finally, allowing MBUSA to enforce the arbitration provision in the Lease is not inconsistent with "the objectives of the contract and the reasonable expectations of the contracting parties" because the arbitration provision clearly states that MBUSA may compel to arbitration any claims or disputes arising out of or relating to the Lease or "*any resulting transaction or relationship arising out of*" it. See Ameripour Decl., Ex. 2, at p. 4 (emphasis added). This Court agrees with the many other courts that have found based on the italicized language that Plaintiff's relationship with MBUSA arises out of the Lease and therefore her claims are within the scope of the arbitration provision.

Plaintiff's Opposition relies entirely upon cases in which the third-party manufacturer was not expressly named as a beneficiary in the arbitration provision, in contrast to the arbitration provision in the Lease in this case. Therefore, none of the cited authority is on point. Nor has Plaintiff addressed the cases in which courts have found that the arbitration provision here allows

4

MBUSA to compel arbitration of claims asserted by lessees under the Song-Beverly Act.

## IV.   CONCLUSION

The Motion is GRANTED.  The case is stayed pending arbitration, pursuant to MBUSA's request.  *See Smith v. Spizzirri*, 601 U.S. 472, 478 (2024) ("When a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding.").  The parties are ORDERED to file a Notice and Request to Lift Stay within 30 days after arbitration is completed.

**IT IS SO ORDERED.**

Dated:  March 9, 2026

_____
JOSEPH C. SPERO
United States Magistrate Judge

United States District Court
Northern District of California